UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD BUDDY WILLIAMS,

    Plaintiff,

CASE NO. 3:07-cv-1030-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security

    Defendant.
_____

**O R D E R**

This matter is before the Court on Plaintiff's motion for authority to file a memorandum of law in excess of twenty-five (25) pages (Doc. #24)[1] and Defendant's Motion to Strike Plaintiff's Memorandum of Law for Failure to Comply with Local Rules 3.01(a) and (g) (Doc. #26). For the following reasons, the Court finds Defendant's Motion to Strike (Doc. #26) is due to be **GRANTED**.

Subsequent to the Court granting Plaintiff two brief extensions of time within which to file a memorandum of law in support of his complaint, Plaintiff filed a memorandum of law (Doc. #23) fifty-seven (57) pages in length.[2] Plaintiff's memorandum of law does not state that Plaintiff's counsel contacted opposing counsel with regard to an increased page limit and no motion requesting leave to file a document in excess of twenty-five (25) pages

---

[1] Plaintiff's motion specifically requested that the Court grant him leave to file a memorandum of law in excess of "the statutory limit of 20 pages" (Doc. #24 at 1). The Court notes, however, that Local Rule 3.01(a) specifies that a memorandum of legal authority filed with the Court shall not exceed twenty-five (25) pages in length. M.D. FLA. LOC. R. 3.01(a).

[2] The Court notes that Plaintiff's font, which appears to be larger than twelve (12) point, and additional spacing between the sentences may have contributed to the inordinate page length of Plaintiff's memorandum of law (Doc. #23).

was filed with the memorandum of law. Plaintiff's motion for leave to file a document in excess of twenty-five (25) pages was filed four days after the fifty-seven (57) page memorandum of law had already been filed (*see* Doc. #24) and contains no certifying statement that would verify compliance with Local Rule 3.01(g).[3]

The importance of these Rules cannot be overstated. All counsel are expected to be familiar with and comply with all applicable rules of this Court. With respect to Local Rule 3.01(g), the court has noted "[t]he purpose of the rule is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876 (M.D. Fla. 1996). At least one magistrate judge in the Middle District of Florida has construed the mandates of Rule 3.01(g) to "mean to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, 2000 WL 1658575 (M.D. Fla. 2000). Many disputes are more easily resolved when the parties actually speak with each other.

Consequently, Plaintiff's memorandum of law in support of his complaint (Doc. #23) violates the Local Rules of this Court and shall be stricken from the record. Additionally, Plaintiff's motion for authority to file a memorandum of law in excess of twenty-five (25) pages (which was filed subsequent to the filing of the violative memorandum of law) (Doc. #24) shall be denied for the aforementioned reasons.

---

[3] Counsel for Plaintiff should have conferred with opposing counsel regarding the motion requesting leave to file a document in excess of twenty-five (25) pages as required by Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's motion for authority to file a memorandum of law in excess of twenty-five (25) pages (Doc. #24) is **DENIED**.

2. Defendant's Motion to Strike Plaintiff's Memorandum of Law for Failure to Comply with Local Rules 3.01(a) and (g) (Doc. #26) is **GRANTED**.

3. The **Clerk is directed to strike Document #23 from the record**.

4. **Plaintiff shall file** a memorandum of law that complies with the Local Rules of this Court **no later than the close of business on Thursday, July 24, 2008**.

5. **Defendant** shall have a period of **sixty (60) days** following Plaintiff's filing **within which to file his memorandum of law**.

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of July, 2008.

Copies to all counsel of record
and *pro se* parties, if any

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge